[No. 8018. Department Two. November 2, 1909.]

GENERAL LITHOGRAPHING & PRINTING COMPANY, *Respondent*,
v. WASHINGTON RUBBER COMPANY, INCORPORATED,
*Appellant.*[1]

CONTRACTS—ACCEPTANCE—CONDITIONAL—CONSTRUCTION BY PARTIES.
The parties are shown to have construed a contract as unconditionally accepted, by acting upon it, where it appears from letters that defendant offered to assume payment of a contract for printing a catalogue, "on condition that there will be no additional charges beyond the original contract price of $800," which was accepted by the plaintiff with the understanding that it was "to have the $800 as originally agreed, and no changes to be made in your copy except at your expense," that plaintiff stated it thought none would be necessary, but if any were made plaintiff would "expect $1.25 per hour for composition"; and where the defendant thereupon informed the plaintiff to go ahead with the work and furnish proofs, which was done.

CONTRACTS—CONSTRUCTION—GUARANTY. Where originally plaintiff had a contract with M. company to print a catalogue, which was to be an advertising medium for that company and also for the defendant company, and after delay, the defendant offered to "assume payment" of the contract price on delivery of the catalogue, which offer was accepted, the same amounts to more than a mere guarantee, but is an independent contract for the printing, where defendant's interest directly appears.

DAMAGES—BREACH OF CONTRACT—MEASURE. Upon breach of a contract for a catalogue, upon which work had been done, by refusal to allow the same to be completed, the measure of damages was the reasonable value of the work done, the depreciation in the value of paper purchased for it, and the profit plaintiff would have made.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered November 14, 1908, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*Ira Bronson* and *D. B. Trefethen*, for appellant.
*Shank & Smith*, for respondent.

[1]Reported in 104 Pac. 650.

PARKER, J.—The facts in this cause as found by the court, the trial being by the court without a jury, are, in substance, as follows: About June 24, 1907, the plaintiff and Mix Fire Apparatus Company entered into a contract, whereby the former agreed to perform the work and furnish material for the printing of 3,500 copies of a catalogue for the latter, at the agreed price of $800. In pursuance of the terms of the contract, the plaintiff proceeded with the work, when the Mix Fire Apparatus Company requested plaintiff not to complete same until further orders, and thereupon plaintiff held the printed forms for the work for a period of two months, for which it was entitled to $50 as a reasonable charge for the holding of the forms. On the 15th day of November, 1907, in consideration of the release and discharge by the plaintiff of said claim of $50 for holding the forms, and a continuation and completion of the contract as originally made, the defendant entered into a contract in writing whereby plaintiff was to complete the catalogue and the defendant was to accept and pay for the same.

In pursuance of this last contract the plaintiff proceeded to perform the same, and submitted proofs for correction to defendant preparatory to final printing, but defendant wholly failed and refused to correct and return said proof, and refused to allow the work to proceed or to fulfill the terms of the contract on its part. The reasonable value of the work and labor in and about the composition performed by plaintiff, is $200. The reasonable value of labor incident to the furnishing of proof to defendant is $25. The depreciation in the value of paper purchased by plaintiff for the work and left on hand is $100, and the profit plaintiff would have made upon the contract, had it been allowed to complete the same, is $200. From these facts the court concluded, as a matter of law, that plaintiff was entitled to recover from defendant $525, and rendered judgment accordingly, from which defendant has appealed.

Appellant having filed its exceptions to the court's find-

ings, contends that there was no contract shown by the evidence to have been entered into between the parties the breach of which would warrant a recovery. The contract referred to in the court's findings as being entered into between the appellant and respondent is evidenced by two letters as follows:

"Seattle, Wash., 11-6-07.
"General Lithographing & Printing Co., City.

"Gentlemen: Referring to the writer's conversation with your Mr. Graff about six weeks ago, at which time he proposed to him that The Washington Rubber Co. would be willing to assume the payment of $800.00 for the catalogue ordered from his Company by the Mix Fire Apparatus Co. on delivery of said catalogue in accordance with the contract as placed, we herewith confirm said offer on condition that there will be no additional charges beyond the original contract price of Eight Hundred Dollars ($800.00). Kindly advise us what decision you have come to on this offer and oblige,                    Yours respectfully,
          "The Washington Rubber Co.,
               "By Franz F. Richter, Pr."

"Nov. 15, 1907.
"Washington Rubber Co., 216 Jackson St., City.

"Gentlemen: In answer to your letter dated November 6th, 1907, we beg to accept your proposition with the understanding that we are to have $800.00 for the catalogue printed as originally agreed, and no changes to be made in your copy or corrections except at your expense.

"The job has been set and waiting for you at some time, ready to run. We believe there will be no changes necessary but in case there are, we will expect $1.25 per hour for composition changes.                    Yours truly,
          "General Lithographing & Printing Co."

Counsel for appellant argue that the language of the second letter does not constitute an unconditional acceptance of the proposition contained in the first letter, because of the words therein: "And no changes to be made in your copy or corrections except at your expense." There may be room for argument as to whether or not these words so qualify the acceptance as to make it conditional and thereby prevent the

meeting of the minds of the parties. We are not inclined to so regard it, but rather as a statement indicating that there would be extra charge for any extra work beyond the strict terms of the contract. The latter part of the letter lends support to this view. However, this involves only a question of construction which we are relieved from solving if, as a matter of fact, the parties subsequently treated the contract as existing. Mr. Graff, the president of respondent company, referring to a time immediately following the exchange of the letters, testified: "We immediately took new proofs as requested; Mr. Richter told me to go ahead with the work and to furnish new proofs for Mr. Mix to correct, which we did." If this be true, and we think the trial court was warranted in so believing from the evidence, it at once becomes apparent that both parties regarded the contract as complete.

It is contended that, even if the contract was entered into between appellant and respondent, the catalogue was never furnished as agreed, and that the finding of the court to the effect that the defendant failed and refused to return the proof and refused to allow the work to proceed was not warranted by the evidence. While there was some conflict in the evidence, we think it sufficient to support the court's finding on that question.

It is further contended that the letter of November 6, 1907, was no more than a guarantee of payment for the catalogue when delivered, and therefore there could be no liability until it was actually completed and delivered. We think this contract was something more than a mere guarantee. The evidence shows appellant had a direct interest in the completion of the catalogue, in that it was to be an advertising medium for the appellant and its goods as well as for the Mix Fire Apparatus Company. This was the apparent purpose of all parties from the time of making the first contract, though appellant was not a formal party to that contract. What understanding it had with the Mix Fire Apparatus

Company before the new contract, if any, as to assisting in paying for the publication, does not appear, nor is it material. The fact of its direct interest is no less apparent, hence the making of the contract created an original obligation on the part of appellant. See 20 Cyc. 1397-8 and authorities cited. It was, in effect, a new contract for the printing of the catalogue, and appellant having failed to perform on its part, became liable in damages to respondent, which we think the trial court has correctly measured. Other contentions of learned counsel for appellant we do not think require discussion. The judgment is affirmed.

RUDKIN, C. J., DUNBAR, MOUNT, and CROW, JJ., concur.