[No. 9857.  Department One.  January 4, 1912.]

W. E. ALLEN, *Appellant*, v. H. H. GRANGER *et al.*,
*Respondents.*[1]

CONTRACTS—FOR DIVISION OF PROFITS—CONSTRUCTION BY PARTIES.
Where plaintiff subscribed for stock in an irrigation company under
an agreement that the money paid was to be used to purchase cer-
tain land to be developed, the plaintiff to be paid one-half of the
net profits derived from the company "only from the development
of the one project," and before development the land was by mutual
consent sold at a profit and other land purchased and later also sold
at a profit without development, the plaintiff is entitled to his profits
only upon the first sale, especially where he at first demanded a
share of profits only on that sale and the parties seemed to have con-
strued the contract as confined to that tract of land.

Appeal from a judgment of the superior court for Lin-
coln county, Neal, J., entered May 24, 1911, upon findings
in favor of the defendants, in an action on contract, after a
trial before the court without a jury. Affirmed.

*A. H. Kenyon*, for appellant.
*Merritt, Oswald & Merritt*, for respondents.

MOUNT, J.—This action was brought by the plaintiff to
recover one-half of the profits derived from the purchase
and sale of two tracts of land by the defendants. The de-
fendants conceded that plaintiff was entitled to one-half of
the net profits of the purchase and sale of the first tract of
land, but denied that he was entitled to such profits on the
second tract. The case was tried to the court without a
jury, and findings and a judgment were entered in favor of
the defendants. The plaintiff has appealed.

It appears that all of the parties to the action were stock-
holders in a corporation known as the Granger Under Cur-
rent Water Motor Company. The defendants solicited the
plaintiff to purchase stock in that company, which he did

[1]Reported in 119 Pac. 817.

on October 15, 1909, under the terms of a written contract which, omitting the immaterial portions, is as follows:

"That for and in consideration of the purchase of five thousand shares of treasury stock of said Granger Under Current Water Motor Company by said W. E. Allen, and the payment to said company of five thousand dollars ($5,000) for such stock, the said first parties agree to pay to said W. E. Allen as hereinafter specified, a sum of money equal to one-half of all the net profits derived by said company from the use of said amount of five thousand dollars ($5,000) in the purchase of lands and the development of the same through the construction and installation of one Granger Under Current Water Motor, such lands to be developed as an irrigation project. And it is further agreed between the parties hereto that said Granger Under Current Water Motor Company shall use said five thousand dollars ($5,000) paid to said company by said W. E. Allen for the purpose of the purchase of land suitable for irrigation by one Granger Under Current Water Motor. The construction and installation of such motor, the perfection of such lands for sale and the necessary expenses of such purchase, development, perfection and sale, and that such lands shall be so improved and sold by said company within such reasonable time as said company can procure lands, construct and install such motor, prepare the land for sale and dispose of the same. Further it is agreed between the parties hereto that the said payment by said H. H. Granger, F. V. Granger and R. M. Dye, of an amount equal to one-half of all the net profits derived by said Granger Under Current Water Motor Company through the use of the said five thousand dollars ($5,000) for the purchase of lands and development and sale of the same, as one project, as above specified shall be made immediately upon the receipt of the selling price of such lands by said company. Provided, that said W. E. Allen shall be entitled to such extraordinary apportionment of the net profits derived by said company, only from the development of the one project hereinbefore described, and provided that there shall be deducted the amount of the net profits of such company to which the five hundred shares of treasury stock already sold by said company are regularly entitled before the payment of profits to said W. E. Allen."

The plaintiff thereupon gave his note for $5,000, due in eight months, to the company in payment of the stock. He was thereupon elected an officer of the company. At the time the note was given, it was the intention of the company to purchase and irrigate a tract of land and sell it out in parcels prior to the time the note matured. A short time after the contract was entered into, the company used the note in the purchase of the tract of land known in the record as the Clark tract, for an agreed price of $2,500. Thereafter some preliminary steps were taken towards irrigating the land, but before any of these improvements had been made, the company, by consent of all of the parties, sold the tract for $7,500, and thereby made a net profit of $4,752.35. The plaintiff's note was not then due and was not paid. Shortly after this sale, the company purchased another tract of land, known in the record as the Anderson tract, and paid therefor something over $11,000. At the time of this transaction, the plaintiff took up his note to the company, and in lieu thereof executed a new note for the same amount, which was indorsed by the company and delivered to Mr. Anderson in part payment of the land last purchased. The company held this land for a short time, but, before anything was done toward irrigating it, sold the same for $20,000, making a net profit of about $8,824. The plaintiff thereupon demanded payment of his profit upon the "first project," and $1,964.80 was paid to him. He afterwards demanded one-half of the profits of both sales. This was refused, and he brought this action, claiming that he was entitled to one-half of the profits upon both sales, for the reason that the first venture was not carried out and that the second was merely a substitution for the first. After the action was brought, the defendants tendered to the plaintiff the balance of the profits admitted to be due upon the sale of the first property purchased.

The controlling question in this case is the proper meaning of the contract. The contract provides that the money

paid by the plaintiff shall be used for the purchase, development, and sale of land; that the defendants shall pay one-half of the net profits derived from the sale of such lands as "one project." Payment shall be made immediately upon the receipt of the selling price; "Provided the said W. E. Allen shall be entitled to . . . the net profits derived by said company, only from the development of the one project;" that is, the sale of lands first purchased by the company. The defendants conceded this; and the trial court so construed the contract, and entered a judgment in his favor for the amount of the tender, with costs against the plaintiff. We think the trial court was clearly right. It is true that the contract also provides for the use of the money "in the purchase of lands and the development of the same through the construction and installation of one Granger Under Current Water Motor; such lands to be developed as an irrigation project." But it is conceded that neither of these tracts was so developed or developed at all. They were both sold at large profits by consent of all the parties, before any development was done thereon. The parties treated each tract as developed, and sold the same without the development contemplated by the contract. Before the plaintiff began his action, he wrote a letter to Mr. Granger demanding $1,700, and in that letter said:

"Now, this is asking considerable, but it is the only way out of it, for if he starts action in order to protect himself, I will have to start action to collect one-half the net profits on the first deal according to our written agreement;"

thus showing that, up to that time the plaintiff treated the first purchase and sale as the "first deal" or the "first project," under the contract upon which he was entitled to one-half of the net profits. If the plaintiff's construction of the contract is to be adopted, to the effect that the first purchase and sale was not the "one project" because the land was not developed as an irrigation project but was nevertheless sold, still he cannot recover in this action because neither of the

projects was so developed. The company simply purchased one tract of land and sold it at a profit. It then purchased another tract and sold that also at a profit. Neither tract was ·developed as an irrigation project. Plaintiff is now insisting, however, that he is entitled to his profits on both of these tracts, because he elects to treat them as one developed project. In short, the plaintiff is not consistent in his position. He must either treat the first sale as a completed project, or admit that the company has not yet purchased and developed and sold the tract upon which his profits may be based. We think both parties have treated the first purchase and sale as a completed project, and that plaintiff's profits are based upon that transaction.

The judgment is therefore affirmed.

DUNBAR, C. J., PARKER, and GOSE, JJ., concur.