KOSSEL, Appellant, vs. POTRATZ, Respondent.

*March 23—April 13, 1915.*

**Landlord and tenant: Covenant by lessee to destroy noxious weeds: Construction.**

A covenant by the lessee of a farm "to destroy all noxious weeds" on the premises each year did not require him to exterminate absolutely all noxious weeds, but made it his duty to adopt all reasonable means and to do all things reasonably adapted to destroy such weeds, consistent with good husbandry; and in determining what was reasonable for such purpose the methods usually employed by farmers generally in that vicinity might be considered.

APPEAL from a judgment of the county court of Winnebago county: FRED BEGLINGER, Judge. *Affirmed.*

. This is an action to recover damages for the breach of a covenant in a lease.

The plaintiff, the owner and lessor of a farm situated in Winnebago county, leased it to the defendant under a written lease. The tenancy commenced April 1, 1904, and was extended from time to time and terminated April 1, 1913. The farm consists of about 180 acres, and it appears that when the tenancy terminated there were about forty acres having quack grass and Canada thistles thereon. The covenants upon which the plaintiff relies are:

"All seeds to be sown to be clear from foul seeds. Second parties to destroy all noxious weeds on leased premises each year during lease, also to destroy same on highways, lanes, and alleys adjoining said premises. Second parties agree to plow all the land they found plowed at time of entering upon said premises. Second parties to repair all fences, first parties to furnish all materials for fences." (The above terms were written in pen and ink; the remainder was a printed blank form.)

There was evidence tending to show that defendant had employed the means customarily used in that vicinity to de-

stroy noxious weeds.    Evidence also tends to show that there
was an increase in the amount of the weeds.

The court charged the jury as follows:

". . . It was the duty of defendant to adopt all reasonable
means and to do all things reasonably adapted to destroy such
weeds and which were consistent with good husbandry.    In
determining what was reasonable for such purpose you have
the right to consider the methods usually and customarily em-
ployed by farmers generally in that vicinity. . . ."

The jury brought in a general verdict for the defendant,
and the court thereupon awarded judgment for the defendant
dismissing the plaintiff's complaint and for costs.    From
such judgment this appeal is taken.

*William N. Powers,* for the appellant.

For the respondent the cause was submitted on the brief of
*Earl P. Finch.*

SIEBECKER, J.    The plaintiff contends that the court erred
in rejecting evidence he offered to show the difference in
value of the leased premises with and without noxious weeds
thereon and in rejecting evidence to show that the rent re-
served as cash did not express the entire consideration of the
contract and that destruction of noxious weeds on the prem-
ises was a material consideration for the lease.    The court
also received evidence over the plaintiff's objection to the
effect that defendant employed the usual methods customarily
employed by farmers in his vicinity to destroy noxious weeds.
The plaintiff complains also that the court erroneously in-
structed the jury as set out in the foregoing statement.    It is
manifest that the errors insisted on here all pertain to the
question whether or not defendant breached the covenant
whereby he agreed "to destroy all noxious weeds" on the
premises as contemplated by the parties under their agree-
ment.    The plaintiff contends that this covenant required
of the defendant to absolutely exterminate all noxious weeds

and to surrender the premises entirely freed thereof. It is without dispute that the premises, when surrendered by defendant, were not free from such weeds. The court interpreted the lease to mean that defendant did not undertake to exterminate all noxious weeds on the premises, but that he obligated himself "to adopt all reasonable means and to do all things reasonably adapted to destroy such weeds and which were consistent with good husbandry." We are satisfied that the court properly construed the covenant concerning defendant's obligation to destroy noxious weeds on the premises and committed no error in its rulings on evidence and in instructing the jury. It is clear from the surrounding facts and circumstances of the subject covered by this covenant of the lease that the parties did not intend defendant should be required to absolutely exterminate all noxious weeds on the premises and that they contemplated that defendant should employ such means and methods as good husbandry in this vicinity required. The jury's general verdict in defendant's favor is sustained by the evidence and the court properly awarded judgment in his favor.

*By the Court.*—The judgment appealed from is affirmed.