[No. 13459.  Department Two.  August 29, 1916.]

METROPOLITAN BUILDING COMPANY, *Appellant*, v.
THE CITY OF SEATTLE, *Respondent*.[1]

STIPULATIONS—CONSTRUCTION BY PARTIES—ESTOPPEL.  Where, in condemnation proceedings, judgment was entered for the damages to property taken and remaining, upon a stipulation by which it was further agreed that the owner shall pay any lawful assessments that may be levied for the improvement of S. street but not for the improvement of F. street, and subsequently upon the assessment for both streets, the owner applied for and secured a reduction to the extent of the assessment for F. street, pursuant to the terms of the stipulation, the same amounts to a construction of the stipulation as imposing an obligation to pay assessments for S. street only, and estops the owner and successors in interest from questioning the validity of the assessment as reduced, and also estops the city from claiming any other assessment.

Appeal from a judgment of the superior court for King county, Jurey, J., entered December 17, 1915, dismissing an action to cancel assessments for a public improvement, tried to the court.  Affirmed.

*Douglas, Lane & Douglas*, for appellant.

*Hugh M. Caldwell* and *Walter F. Meier*, for respondent.

[1]Reported in 159 Pac. 793.

HOLCOMB, J.—Appellant's action was to cancel certain alleged assessments against a tract of land known as the "University Grounds," in Seattle, and appellant's leasehold interest therein. Cancellation of the assessments .was denied in the court below. Appellant derived its interest by assignment to it of the lease to its predecessor in interest, the Seattle Realty & Building Company, which was made in December, 1907. In December, 1905, the city council of Seattle, by ordinance No. 13,074, authorized and directed condemnation proceedings to acquire the right to regrade and make certain physical changes in Fourth avenue and other streets adjacent to this property. Pursuant to this ordinance, condemnation proceedings were commenced on or about February 14, 1906, in the superior court of King county, the cause being designated No. 50,320 on the files of that court. That cause, so far as this property is concerned, resulted in a verdict and judgment in favor of appellant's predecessor, the Seattle Realty & Building Company, for the sum of $15,000 for property taken and one dollar damages to the remainder. It appears from the undisputed evidence in this case that that verdict resulted from an oral stipulation to that effect between the city and the Seattle Realty & Building Company entered into during the trial. The verdict and judgment were rendered in accordance with the stipulation, which had been reduced to writing and was placed on file in that cause. It was further agreed in that stipulation as follows:

"It is stipulated and agreed that said respondent [Seattle Realty & Building Company], its successors and assigns, shall pay any lawful assessments that may be levied by the city of Seattle for the improvement of Seneca street along the southerly side of said University tract, but that said tract of land shall not be assessed for the re-grading of Fourth avenue or Fourth avenue produced over and across said tract of land, from Seneca street to Union Street."

In November, 1906, the city council, by ordinance No. 14,-784, created local improvement district No. 1,310, and pro-

vided for the payment of the cost of the improvement contemplated, by special assessments against the property within the district benefited thereby. An assessment roll was made and confirmed by the city council in October, 1907, by ordinance No. 17,186. In the fall of 1910, appellant, having succeeded to the interest of the Seattle Realty & Building Company, made application for a reduction in the assessment of its properties affected by the proceedings referred to, and, on December 14, 1910, to carry out the terms and provisions of the stipulation and agreement, according to the contention of respondent, ordinance No. 25,893 was passed by the city council, whereby the assessment against the property of appellant was reduced to $8,235, the same being the amount chargeable, according to respondent's contention, on account of the improvement in Seneca street. No objections were made to the original assessment and assessment roll in local improvement district No. 1,310 as approved and confirmed by ordinance No. 17,186, the contention of the appellant being that, where the assessment is in itself void, as it contends this assessment was by reason of the lack of jurisdiction in the city council, no objections were necessary. Nor were any written objections made to the assessment as reduced by ordinance No. 25,893. Nor was the regularity, validity, or correctness of the proceedings relating to such an improvement or to the assessment therefor, including the action of the council upon the assessment roll or confirmation thereof, in any manner contested or questioned in the assessment proceeding or in the proceedings for the reduction of the amounts of the assessment. The assessment as reduced has never been paid, nor has any part or installment thereof, nor any part of the penalty, interest, or costs thereon. The original assessment against the property of appellant amounted to the sum of $27,000, which was reduced, as before stated, to some $8,000.

Passing for the present the first contention of appellant, that it is entitled to resist these assessments irrespective of

its lack of objection to the original or other proceedings for the assessment of the property for the special improvement, it is next contended that, in levying the assessment which purported to be for the cost of the work, the entire university grounds, including that portion laid out and used as streets, was assessed, and for that reason alone the assessments were void. The charter of Seattle in force at the time provided that no greater area than 120 feet back from the street could be assessed in such proceedings for such purposes. We have here, however, the undisputed testimony of the city engineer and of an assistant who prepared the assessment rolls and of the city attorney to the effect that the assessment as reduced in 1910 was levied only upon the area extending back 120 feet from Seneca street. The language of ordinance No. 25,893, reducing the assessment, is not specific as to the exact area it was the intention to assess, but it is specific that it was the intention to eliminate from the original assessment all that portion of the assessment levied against the property for the improvement of Fourth avenue; the assessment for the improvement of Seneca street to remain. Appellant's property fronted on Seneca street two blocks and a half from Fourth avenue to the alley beyond Fifth avenue next west, and one-half block from Fourth avenue to the next alley east intersecting the block. It extended for two blocks from Seneca street to Union street across University street. Originally the assessment for the improvement of Fourth avenue covered almost the entire half blocks on each side of Fourth avenue from Union street across University street as projected through this land to Seneca street. It is the undisputed testimony of the witnesses for respondent that, upon the application by appellant for the reduction of the assessment, the city authorities recognized that they had violated the terms of the stipulation entered into, to the effect that the Seattle Realty & Building Company, its successors and assigns, should pay any lawful assessment that might be levied by the city for the improvement of Seneca street along

the southern side of the University tract, but that the tract should not be assessed for the regrading of Fourth avenue or Fourth avenue produced over and across the tract of land from Seneca street to Union street, and that they made the correction and reduction in order to comply with the terms of the stipulation and the judgment thereon, and with the clear agreement with the Seattle Realty & Building Company. It was their intention to eliminate all assessments except from the property extending back 120 feet from Seneca street to the south, and upon that the reduced assessment was placed, and everything beyond that limit, as they express it, was not assessed. Concluding, therefore, that ordinance No. 25,893, reducing the assessment, confined the assessment to the area in these blocks 120 feet back from the south line of Seneca street, we conclude that there is no merit in this contention of appellant.

The next point made by appellant is that the verdict in cause No. 50,320 was rendered and filed June 6, 1906; that respondent, by parol evidence, attempted to modify the final judgment and verdict; that the verdict and judgment are conclusive, and that where damages have been awarded to the remainder in condemnation cases, there can be no assessment for benefits. It is argued that, since the verdict and judgment in that cause awarded damages to appellant's predecessor as the then owner of the property, that was a final and conclusive determination of the right to assess the property. *Seattle & P. S. Packing Co. v. Seattle,* 51 Wash. 49, 97 Pac. 1093, is cited and quoted to this effect:

"As soon as it was finally determined by the judgment of the court in the condemnation proceeding that the property of the appellant was damaged over and above all local and special benefits arising from the proposed improvement, the right and power to levy special assessment against the property to defray the expenses of that improvement was gone, and the subsequent attempt on the part of the city to assess the property, notwithstanding the previous verdict and judgment, was mere usurpation, and beyond its jurisdiction. When

once judicially determined that the property of the appellant was damaged and not benefited by the improvement, it had a right to rest on that adjudication and was not compelled to take further notice of what the legislative department of the city might thereafter do or attempt to do."

To the same effect *Schuchard v. Seattle*, 51 Wash. 41, 97 Pac. 1106, is also cited; and *Inner-Circle Property Co. v. Seattle*, 69 Wash. 508, 125 Pac. 970, involving the same condemnation proceedings as those here involved, is claimed as conclusive of this question.

The *Inner-Circle Property Company* case, to which this appellant was a party, followed the other two cases cited, to the effect that property found by the jury to be damaged by an improvement is not subject to an assessment for benefits.  It was also held in that case that, upon a reassessment, the question of the benefits and the apportionment thereof is an original question is no way controlled by the original assessment.  It was there also held, regarding appellant's property involved, that an award of damages to a leasehold interest in the lands, being an adjudication that the property was not benefited, exempts the same from a reassessment levied to make up a deficiency in the original assessment; and the last holding in that case is relied upon by appellant in this case as being conclusive of the right of the respondent to recover the assessments now charged against the property in this case, or of the right of the appellant to have the same canceled.

It does not appear, however, in the decision in the *Inner-Circle Property Company* case, that the stipulation which has been heretofore set forth and mentioned was called to the attention of this court.  It appears now that the verdict for damages to appellant in that case and the judgment thereon were entered in view of the stipulation between the parties thereto that the assessment, so far as the appellant is concerned, should not affect any of its property except that fronting on Seneca street, and that as to the improve-

ment of Seneca street the appellant's predecessor had no objection and was willing to pay the assessment.

In any event, what we consider a very important factor in the case is the fact that the Metropolitan Building Company, after having succeeded to the rights of the Seattle Realty & Building Company, recognized the assessment now in question by asking that it be reduced, and that, acting upon that application, respondent reduced the assessment after a conference between all the parties interested; and this fact is not disputed. It would seem that appellant, together with the other parties interested, construed the stipulation in the original condemnation proceedings as imposing an obligation on the appellant to pay assessments for the improvement of Seneca street adjacent to its property, and that such construction, having been placed on it by the parties, ought to control. *Nelson v. Western Steam Nav. Co.,* 52 Wash. 177, 100 Pac. 325; *General Lith. & Print. Co. v. Washington Rubber Co.,* 55 Wash. 461, 104 Pac. 650; *Allen v. Granger,* 66 Wash. 455, 119 Pac. 817; *Causten v. Barnette,* 49 Wash. 659, 96 Pac. 225. This act, we think, estops appellant from questioning the validity of the assessment as reduced, and, of course, reciprocally estops respondent from claiming any other assessment than the reduced assessment.

The determination of this matter disposes of all contentions raised in the case. The judgment is affirmed.

MORRIS, C. J., BAUSMAN, PARKER, and MAIN, JJ., concur.