[No. 15839.    Department Two.    January 3, 1921.]

FERNICH-MURPHY PRINTING COMPANY, *Respondent*, v.
C. L. PALMER, *Appellant*.[1]

CONTRACTS (71)—CONSTRUCTION BY PARTIES—AMBIGUITY. The
construction of the parties to the contract will control where the
manager of a corporation was to receive in addition to his salary,
one-half the net earnings of the business after deducting monthly
depreciation and bad accounts contracted thereafter, and the parties
accepted statements from time to time showing the payment of
interest in determining the "net earnings", and there was evidence
of an agreement that interest should be taken into consideration.

COSTS (72)—ON APPEAL—APPORTIONMENT. Both parties having
appealed, and neither having prevailed, no costs will be allowed.

Cross-appeals from a judgment of the superior court
for King county, Smith, J., entered July 18, 1919, upon
findings in favor of the plaintiff, in an action on con-
tract, tried to the court. Affirmed.

*Peterson & MacBride,* for appellant.

*Lane & Thompson,* for respondent and cross-appel-
lant.

MAIN, J.—The pupose of this action was to recover
one-half the loss sustained in the plaintiff's business
during the time the defendant was manager thereof.
The trial to the court, without a jury, resulted in find-
ings of fact, conclusions of law and a judgment sus-
taining a recovery in the sum of $456.40. From this
judgment the defendant appeals, and plaintiff prose-
cutes a cross-appeal.

On the second day of April, 1917, the plaintiff, being
then the owner of a printing business of some consid-
erable value, by written contract, employed the appel-
lant to become manager thereof. The contract makes

[1]Reported in 194 Pac. 785.

it plain that the defendant was to have no interest in
the business as such, fixes his salary at forty dollars
per week, and contains a provision for one-half of the
profits above a certain percentage and also a liability
for one-half of the loss. There was a provision that,
on June 30 and December 31 of each year, a balance
should be struck for the purpose of determining profits
or loss. Immediately upon the execution of the con-
tract, the defendant took charge of the business and
conducted it until the 15th day of January, 1918, when
the contract was terminated by the plaintiff in accord-
ance with its provisions. At the time the peformance
of the contract was entered upon, no balance was
struck in the business and no inventory was made. The
contract contained the following:

"It is further agreed that, if the net earnings of
the business, after deducting monthly depreciation
and bad accounts which have been contracted after the
date hereof, shall exceed thirteen per cent on the
amount of business done, that the party of the second
part shall be entitled to receive one-half of such ex-
cess, and if there be a loss the parties hereto shall
share fifty per cent each in such loss, it being under-
stood and agreed, however, that such profit sharing
arrangement shall not be construed as giving the sec-
ond party any interest in the business, but only as a
method of determining the salary of second party."

By this paragraph, the net earnings of the business,
"after deducting monthly depreciation and bad ac-
counts which have been contracted after the date
thereof," were to be divided as therein specified, and
if there were loss, each party should share fifty per
cent thereof.

The defendant's first point is that it was error for
the trial court to include, in the amount of the judg-
ment, interest which had been paid by it upon out-
standing obligations; the argument being that, since

the contract provided for deducting monthly depreciation and bad accounts, it evidenced an intention to exclude interest in determining net earnings. The plaintiff, upon its cross-appeal, claims that the court erred in not including the interest in the judgment. The record does not disclose the view of the trial court upon this question. The plaintiff argues that the language referred to is sufficiently ambiguous to justify the court in receiving evidence as to the construction that the parties themselves put upon the contract during the time the defendant was acting as manager. As we view the contract, we are unable to adopt either contention as to its construction. It provides for the deducting, in determining net earnings, depreciation and bad accounts (which had been contracted after the date hereof). This shows an intention to distinguish between monthly depreciation and bad accounts which had occurred prior to the execution of the contract and those which might accrue subsequent to that time. It cannot be construed as embodying the intention of the parties as to what should be deducted from the gross earnings in order to determine net earnings. Aside from the interest, there were other items, such as the payroll, cost of supplies and material, and rent, which obviously are items which should be taken into consideration in determining the net earnings. We find nothing in the contract by which the parties themselves attempted to define what was meant by "net earnings."

The question, then, arises whether, in determining net earnings, the contract not having defined what is meant thereby, interest upon obligations owing by the plaintiff should be taken into consideration and deducted from the gross receipts. What would be the rule upon this question, as a matter of law, if the parties

had been silent upon it throughout, is not necessary here to determine. Statements were prepared by the bookkeeper of the plaintiff's each month and delivered to the defendant. From time to time these contained items showing the payment of interest. The defendant claims that he objected to these items, but we think the weight of the evidence is against his contention. The president of the company, and also the bookkeeper, testified to a conversation between the president and the manager in which the matter of interest was discussed and that it was agreed between the parties that it should be taken into consideration in determining the net earnings.

By the plaintiff's cross-appeal, it is sought to have the items of interest added to the amount of the judgment, which it claims was not done. But conceding that, by the construction put upon net earnings by the parties themselves, they were to be taken into consideration, it does not follow that the judgment should be increased. The items of bad accounts and monthly depreciation are of such a character that they cannot be measured with very great exactness. Considering all the evidence upon this branch of the case, we are of the opinion that it does not justify a modification of the judgment.

The defendant's second point is that the trial court was in error in finding that the parties, at the end of the first fiscal period, or June 30, 1917, had agreed upon an adjustment or settlement up to that time. The plaintiff insists that the business prior to June 30 should be taken into consideration in determining the amount of liability, if any. The trial court found, upon evidence which is conflicting, that the plaintiff and defendant had agreed that neither should make or have any claim against the other, either for losses or profits, accruing to the business up to the thirtieth day of

June, 1917. It is our view that the holding of the trial court upon this question was in accord with the weight of the evidence.

Both parties having appealed, and neither having prevailed, no costs in this court will be allowed to either party.

The judgment will be affirmed.

HOLCOMB, C. J., MOUNT, MITCHELL, and TOLMAN, JJ., concur.