[No. 21926.   Department Two.   November 26, 1929.]

R. Tone *et al., Respondents,* v. G. G. Parlaman, *Appellant.*[1]

*Louis J. Muscek,* for appellant.

*Williamson, Freeman & Broenkow,* for respondent.

Main, J.—This action was brought to recover damages for the breach of a contract.   The defendant denied liability and affirmatively pleaded three defenses. The cause was tried to the court without a jury, and resulted in findings of fact and conclusions of law sustaining a recovery.   Judgment was entered in favor of the plaintiffs in the sum of $1,200, from which the defendant appeals.

The facts are these:   The respondents were engaged in the clothing business in South Tacoma.   One J. C. Danford had a concession, or lease, as it is called, with the United States Veterans' Bureau, whereby he was permitted to carry on, upon the grounds of the Veterans' Hospital at American Lake, a store or place of business for the sale of men's clothing, furnishings and certain other supplies.   This concession covered

[1]Reported in 282 Pac. 208.

the period from July 1, 1924, to June 30, 1925. Some time after the concession had been granted, the appellant, G. G. Parlaman, became a partner with Danford in the business. Danford had had a prior concession which covered the period from April 1, 1924, to June 30, 1924. June 28, 1924, the respondents entered into a contract with Parlaman and Danford, by which they were to furnish to them their entire supply of men's clothing and furnishings which were to be disposed of in the store operated under the concession. Paragraph I of the contract recites:

"That the second parties (Parlaman and Danford) have the concession for the sale of men's clothing and furnishings at U. S. Veterans' Hospital No. 94 at American Lake, Pierce county, Washington."

Paragraph V provides:

"Second parties (Parlaman and Danford) agree to obtain their whole supply of men's clothing and furnishings from parties of the first part so long as they have the concession above referred to, provided first parties (respondents) continue in business and comply with the terms of this contract."

About October 1, 1924, Danford and appellant dissolved their partnership and the appellant continued to operate the business under the Danford concession. After Danford and appellant had severed their partnership relation, the respondent Tone and the appellant verbally agreed to continue their business arrangement pursuant to the original written contract. When this agreement was made, the contract was before the parties, and Tone, with lead pencil in the presence of the appellant, struck the name of Danford therefrom. The evidence upon this matter was in conflict, but the trial court found the fact to be as we have stated it, and we are of the opinion that the finding should be sustained.

The appellant obtained the concession after the expiration of the Danford concession covering the following periods: July 1, 1925, to June 30, 1926; July 1, 1926, to June 30, 1927; July 1, 1927, to October 31, 1927. Each year a new concession was issued. After Danford retired from the business, the appellant continued to purchase from the respondents men's clothing and furnishings under the contract the same as he and Danford had done when they were operating together. These purchases continued until February 1, 1927, when the appellant ceased to do business with the respondents. The action is to recover as damages the profits which the respondents would have made had the appellant continued to make purchases from them from February 1, 1927, until October 31, 1927, when the Parlaman concession or lease was terminated.

The case calls for the construction of the contract. From the language used therein, it is not certain whether the parties intended that the operation under the contract should continue so long as Danford and Parlaman, and, after Danford's retirement, Parlaman, should operate the concession upon the grounds of the Veterans' Hospital, or whether the period of the contract was limited to the concession then in force. The parties, by their acts and before any controversy arose between them, have placed their own construction upon the contract. The appellant, by continuing to make purchases from the respondents until February 1, 1927, and respondents, by furnishing merchandise, construed the contract as applying so long as the appellant operated under the concession. Where a contract has been construed by the parties thereto by their acts and conduct, as by acts in partial performance, such construction is entitled to great weight in determining its proper interpretation. In 13 C. J. p. 546, it is said:

"Where the parties to a contract have given it a practical construction by their conduct, as by acts in partial performance, such construction is entitled to great if not controlling weight in determining its proper interpretation, particularly where such interpretation is agreed on before any controversy has arisen. But practical construction is not conclusive, and may be considered only when the contract, read in the light of the surrounding circumstances, leaves the proper construction in doubt."

In the cases of *Metropolitan Building Co. v. Seattle,* 92 Wash. 660, 159 Pac. 793; *Fernich-Murphy Printing Co. v. Palmer,* 113 Wash. 566, 194 Pac. 785, and *Heaton v. Smith,* 134 Wash. 450, 235 Pac. 958, this court has applied substantially the rule as stated.

The contract in question being ambiguous, under the facts of this case, we think the construction placed upon it by the parties thereto should control and be given effect.

The judgment will be affirmed.

MITCHELL, C. J., FULLERTON, FRENCH, and HOLCOMB, JJ., concur.